<u>**CLOSING**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DIXON MILLS CONDOMINIUM ASSOCIATION, INC.,** *Plaintiff*, v. **RGD HOLDING COMPANY, LLC, et al.,** *Defendants*. | **Civil Action No. 18-11927** **ORDER** |

**THIS MATTER** having come before the Court by way of Plaintiff Dixon Mills Condominium Association's ("Plaintiff") request to remand this action, ECF No. 8;

and it appearing that on July 20, 2018, Defendant Goldentree Insite 72nd Street LLC removed this action from the New Jersey Superior Court, Law Division, Hudson County, pursuant to 28 U.S.C. §§ 1331 and 1441, <u>see</u> Notice of Removal, ECF No. 1;

and it appearing that the sole basis for this Court's original jurisdiction was Count XI of Plaintiff's Complaint, which pled a federal cause of action, <u>see</u> Compl. pp. 33-35, ECF No. 1-1;

and it appearing that Plaintiff has filed a "Notice of Voluntary Withdrawal of Count XI," which the Court has so ordered, ECF Nos. 8, 13;

and it appearing that the Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue <u>sua sponte</u>, <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999), <u>overruled on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546 (2005);

1

and it appearing that the only remaining claims in this action are state law claims subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a);

and it appearing that where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284–1285 (3d Cir. 1993);

and it appearing that in exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants,'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966))

and it appearing that where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims, United Mine Workers, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-85;

and it appearing that the sole federal claim has been dismissed early in the proceeding;

therefore, the Court will exercise its discretion to decline supplemental jurisdiction over the remaining state law claims at this time;

**IT IS** on this the 16th day of August, 2018,

**ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Hudson County, Dkt. No. L-4277-16; and it is further

**ORDERED** that this matter is **CLOSED**.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**